## No. 110.

MICHAEL VARIOL *v.* MRS. DOHERTY AND THOS. O'BRIEN.

1. Where a lessor has taken the notes of the tenant for the various instalments of rent, he may sue either upon the notes or the lease itself.
2. The surety upon such a lease is not discharged by the mere failure or omission of the landlord to enforce or preserve his privilege.
3. Where the lessee, in such a case, conducted a millinery business in her own name, and in such manner as to constitute her a public merchant, she may execute all contracts necessary to the conduction of such trade, without the special authorization of her husband.
4. The surety upon the lease, as a party to the contract, was estopped from denying the capacity of his principal.
5. Where such surety endorsed the rent notes, he does so as surety, and is not released by failure to protest or notify.

The opinion and decree in this case were delivered by W. E. Murphy, Esq., Judge *ad hoc*, vice McGloin, Judge, recused, having been of counsel.

*Appeal from Fourth District Court. Houston, Judge.*

*Carleton Hunt* for plaintiff.

*J. O. Nixon, Jr.* for defendant, appellant.

MURPHY, Judge *ad hoc.*—This is an appeal from a judgment rendered by the late Fourth District Court in favor of plaintiff and against defendants *in solido*, on five promissory notes, for the sum of $125 each, drawn by Mrs. Doherty to the order of, and endorsed by, Thomas O'Brien, payable monthly, with interest and costs of protest, etc., which notes were executed by Mrs. Doherty for the rent of a store, No. 132 Canal street, where she carried on a millinery business, and were endorsed by Thomas O'Brien as surety, as fully set forth in the notarial lease executed before Theodore Guyol, Notary, who paraphed said notes, *ne varietur*, to identify them with said contract of lease.

The defense set out in the answer of Thos. O'Brien, who alone appeals from the judgment rendered in this case, is

1st. That the notes were endorsed by him as surety on a lease, and that if plaintiff has any cause of action, it is on the lease and not on the notes.

2d. That by a subsequent agreement between plaintiff and Mrs. Doherty, the contract of lease was so modified and extended as to release the surety from all responsibility.

3d. That lessor having taken no steps to enforce his privilege against the lessee, that the security was released.

In a motion made for a new trial, appellant makes the further defense that the lease was void, having been made by a married woman without the authorization of her husband. As to the first ground, it is too well settled now to be questioned, that the plaintiff could exercise his right of action, either on the note or the lease, as he thought proper. As to the second ground referred to, a careful examination of the evidence adduced on the trial of this case compels us to say that defendant has failed to sustain that charge. Third. It is also well settled that the surety is not discharged by the lessor's mere omission to enforce or preserve his privilege, it is enough if he do no act to impair it, or to prevent him from subrogating the surety to his rights. Parker *v.* Alexander, 2 A. 188; Gordon *v.* Diggs, 9 A. 422; Elmore *v.* Robinson, 18 A. 652; Hill & Co. *v.*

Bourcier et al., 29 A. 844; neither does the record reveal any act on the part of plaintiff that would in law release the surety on the lease; and in connection with this it may be remarked that appellant has failed to furnish us with any brief, so as to inform the court what part of the testimony he relies on in support of this allegation, or what law supports his views.

There remains the allegation, that the contract of lease, the consideration for the notes sued on, is void, having been executed by a married woman without the authorization of her husband.

It appears from the evidence, that Mrs. Doherty was carrying on, in this city, in her own name, a millinery business, which constitutes her a public merchant. C. C. Art. 131. As such, she may, without being empowered by her husband, obligate herself in anything relating to her trade, 3 R. 329; 6 R. 291; 14 A. 211, and his authorization to her commercial contracts is presumed whenever he permits her to trade in her own name. C. C. Art. 1786; Brooks v. Wigginton, 14 A. 676. Furthermore, appellant being a party to the contract as surety for the principal, it is a part of his contract that she was capable of contracting. Daniel on Negotiable Instruments, § § 669, 675; Butler v. Slocumb, not yet reported. He is, therefore, estopped from denying it. One cannot do an act which he is at liberty to abstain from, and then screen himself from the legal consequences of that act. Succession of Egana, 18 A. 59; Stephen on Pleading, 239.

The record also contains a bill of exception to the introduction of one of the notes to charge him as endorser, on the ground that the protest is null, having been made on the 4th of July, a *dies non*; this cannot avail him. Sureties who endorse notes are bound without protest or notice of protest. LeBlanc v. Selby, N. R. (1878).

For the reasons before set forth, the judgment of the court *a qua* is confirmed, with costs in both courts.